# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 2:13-cr-187** |
| **v.** | **Judge Peter C. Economus** |
| **CHRISTOPHER L. NEWMAN,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

This matter is before the Court for consideration of Defendant's Motion for Examination to Determine Competency and Mental Condition at the Time of the Alleged Offense, filed pursuant to 18 U.S.C. §§ 4241(a) and 4242(a) (Dkt. 14), on which a hearing was held on September 17, 2013.  For the reasons that follow, Defendant's motion is **GRANTED**.

### A.  Competency

Section 4241(a), regarding competency evaluations, provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . , the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

"[T]he district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial."  United States v. White, 887 F.2d 705, 709 (6th Cir. 1989).  A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."  Dusky v. United

States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted).

In determining whether a defendant is competent, the United States Supreme Court has emphasized that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant . . . but that even one of these factors standing alone, may, in some circumstances be sufficient."  Drope v. Missouri, 420 U.S. 162, 180 (1975).

Upon a showing or finding of "reasonable cause" under § 4241(a), a court is required to order a hearing to address the matter of the defendant's competency.  18 U.S.C. § 4241(a).  Prior to this hearing, the court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b).  The report must be conducted by a "licensed or certified psychiatrist or psychologist . . . designated by the court."  18 U.S.C. § 4247(b).  "[T]he court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility."  18 U.S.C. § 4241(b).  "Unless impracticable, the . . . examination shall be conducted in the suitable facility closest to the court."

Section 4241(d) further provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . .

18 U.S.C. § 4241(d).

According to his motion for a competency evaluation, Defendant suffers from bi-polar/schizophrenic disorder, undergoes mood alterations triggering manic episodes, and cannot

2

remember anything that occurs when he is in a deranged state. His mental infirmity is often exacerbated by alcohol and/or drugs, and his wife reports that he has used crack cocaine for a number of years. Alcohol and drugs place him in a highly manic state or a totally depressed state. In a depressed state, he is suicidal; in a manic state, he is anxious, hyper, and unreasonable. He has been hospitalized twice for his mental health issues, is currently treated by Dr. Patricia Gainer, and is prescribed twelve different daily medications. In addition to his mental health issues, he suffers from Chronic Obstructive Pulmonary Disease (COPD), necessitating the use of a by-pass machine to enable him to breathe at night. (Dkt. 14 at 1–2.)

Defendant's motion provides reasonable cause to believe that he presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, pursuant to 18 U.S.C. § 4241(b), a psychiatric or psychological examination of Defendant may be conducted and filed in accordance with the provisions of 18 U.S.C. § 4247(b) and (c).

### B. Insanity

Defendant has provided notice under Federal Criminal Rule 12.2(a) and (b) that he may have been insane at the time of the alleged incident and may wish to introduce expert testimony regarding his mental condition. (Dkt. 14 at 1.) Stating that Defendant "has absolutely no memory of what happened on March 21, 2012, which is the date alleged in the Indictment" (*id.* at 2), he seeks an examination to determine his mental condition at the time of the alleged offense, pursuant to 18 U.S.C. § 4242(a). Section 4242(a) provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric

3

or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

The Government concurred with Defendant's motion for such an examination pursuant to § 4242(a), which is hereby **GRANTED**.

### C. Conclusion

The Court hereby **GRANTS** Defendant's motion (Dkt. 14), and **ORDERS** that, pursuant to 18 U.S.C. §§ 4241(b) and 4242(a), Defendant shall undergo a psychiatric or psychological examination of both his competency and his mental condition at the time of the alleged offense, to be conducted at NetCare Forensic Center, in Columbus, Ohio, and filed in accordance with the provisions of 18 U.S.C. § 4247(b) and (c).  The examination shall be subject to the timeliness provisions, including requests for extensions, provided in 18 U.S.C. § 4247(b).  The court shall schedule a competency hearing upon its receipt of the report.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE